OPINION
Defendant-appellant, David Porter, appeals a Warren County Court of Common Pleas decision from the juvenile division denying his motion for change of custody. Because the trial court applied an incorrect legal standard when considering appellant's motion, we reverse the decision of the trial court and remand for further proceedings.
Appellant and plaintiff-appellee, Mary Pierson, share custody of their daughter, Lyndsey Pierson, in accordance with a shared parenting plan ("SPP") that was filed on November 6, 1995. In the SPP, Mary is designated as the residential parent and appellant is obligated to pay child support. Appellant filed a "Motion for Change of Custody" on February 25, 1998. Mary opposed appellant's motion.
After a hearing, a magistrate issued a decision in which it overruled appellant's motion for change of custody. Appellant objected to the magistrate's decision. A trial court judge overruled appellant's objections and adopted the decision of the magistrate. Appellant appeals, raising two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY APPLYING A "SUBSTANTIAL CHANGE IN CIRCUMSTANCES" TEST TO WHETHER IT SHOULD MODIFY THE ORIGINAL CUSTODY DECREE.
In his first assignment of error, appellant argues that the trial court erred by using a "substantial change in circumstances" test when determining whether to grant his motion to modify custody. We agree.
The trial court enjoys broad discretion in custody proceedings.Davis v. Flickinger (1997), 77 Ohio St.3d 415, 416-17. Absent an abuse of discretion, an appellate court will not reverse the trial court's decision. Id. at 418-19. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Also, "[a] finding of an error in law is a legitimate ground for reversal." Davis at 419, quoting Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80-81.
R.C. 2151.23(F)(1) provides that the juvenile court shall exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04, 3109.21 to 3109.36, and 5103.20
to 5103.28. R.C. 3109.04, which applies to a trial court's consideration of a motion to modify custody, states in relevant part:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the persons seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
In a case where a residential parent does not agree to a change in custody, a trial court may modify parental rights and responsibilities if it finds that: (1) there has been a change of circumstances, (2) modification is in the best interest of the child, and (3) any harm likely to result from a change of environment is outweighed by the advantages of the change. R.C.3109.04(E)(1)(a).
In his decision, the magistrate found that "there has not been a substantial change in circumstances." Despite appellant's objections, the trial court adopted the magistrate's decision in its entirety and determined that "there has not been a substantial change in circumstances and that mother is appropriate custodian." Both the magistrate and the trial court judge applied a "substantial change in circumstances" test when considering appellant's motion to modify custody.
In Davis, 77 Ohio St.3d at 417, the Supreme Court of Ohio criticized an appellate court for applying a "substantial change" test when reversing and remanding a trial court's decision to grant a motion for modification of custody. The supreme court noted that the word "substantial" does not appear in R.C. 3109.04. The supreme court further stated that "[c]learly, there must be achange of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change." (Emphasis sic.) Id. at 418.
The supreme court's discussion is confusing, considering that it states that "substantial change" is not the appropriate test, but also says that the change must be "a change of substance." The word "substantial" is defined in The American HeritageDictionary as "[o]f, relating to, or having substance." Nevertheless, the supreme court apparently rejects the "substantial change" test in Davis. The supreme court explained:
 In this case, the court of appeals clearly took an approach of requiring a "substantial" change. The term "substantial" appears repeatedly throughout its opinion and always in conjunction with "change." In doing so, the court of appeals appeared to require a higher burden of proof than required by statute.
 Davis at 417-18.
In the case sub judice, the magistrate and the trial court applied a "substantial change in circumstances" test. On appeal, Mary quotes the supreme court's admonition that "the nomenclature is not the key issue" Davis at 418, and argues that the trial court's decision should not be reversed because there was no abuse of discretion.
The decisions of both the magistrate and the trial court judge state "that there has not been a substantial change in circumstances." The magistrate's decision mentions the fact that Mary has admitted to smoking marijuana and that there was at least one incident approximately one year ago when she smoked marijuana in the house while her children were playing outside. The magistrate also comments that he is "concerned with mother's apparent lack of motivation to improve herself." The magistrate explains that despite the fact that she is Lyndsey's role model, Mary has failed to hold a job or earn her high school diploma and has "demonstrate[d] financial irresponsibility." The decision of the trial court judge adopts the magistrate's decision as written. Reviewing these decisions, which contain some serious concerns about Mary's parenting, we cannot say that the trial court's finding that there has been no "substantial change in circumstances" is merely a mistake in nomenclature rather than the application of a higher burden of proof than is required by R.C.3109.04.
We find that the trial court abused its discretion by applying an incorrect test to determine whether appellant's motion to modify custody should be granted. The first assignment of error is well-taken. The case is remanded to the trial court to apply the proper test. The trial court must determine (1) whether a change in circumstances has occurred, (2) whether a modification is in the best interest of Lyndsey, and (3) whether the harm likely to be caused by a change in environment is outweighed by the advantages of the change of environment to Lyndsey.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT THERE HAD BEEN NO CHANGE IN CIRCUMSTANCES SINCE THE ORIGINAL DECREE.
Having sustained the first assignment of error, we need not resolve appellant's second assignment of error.
POWELL, P.J., and YOUNG, J., concur.
JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and consistent with the opinion filed the same date as this Judgment Entry. The trial court must determine (1) whether a change in circumstances has occurred, (2) whether a modification is in the best interest of the child, and (3) whether the harm likely to be caused by a change in environment is outweighed by the advantages of the change of environment to the child.
It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 _____________________________________ Stephen W. Powell, Presiding Judge
William W. Young, Judge, Anthony Valen, Judge.